*Inhabt's of* New Portland *vs. Inabt's of* Rumford.

The separation of territory from an existing town and the annexation of it to another town will not, under the *stat.* 1821, *ch.* 122, give a settlement in the latter town to any persons, other than those who resided thereon at the time of such annexation, and who then had a settlement in the former town.

The only question made in this case, which came before the Court on a statement of facts, was, where was the settlement of the pauper?

*James McAllister,* and his family, for whose support the action was brought, had his settlement in *Rumford* in *March,* 1831, and in *March,* 1833, removed into *New Vineyard,* living on that part of the town which was annexed to *New Portland* by an act of the legislature, passed *March* 4, 1834; and continued to reside on that part until after that act was passed. All the supplies sued for were advanced after the passage of the act. A nonsuit or default was to be entered according to the opinion of the Court.

*Leavitt,* for the plaintiffs.

The settlement of the pauper was in *Rumford,* in 1831, and *there* must remain until a new one is gained. There is but one provision in the settlement act, statute of 1821, *ch.* 122, which applies to this case, the latter part of the sixth mode. The annexation of part of one town to an adjoining town has the same

effect as the incorporation of a new town, so far as it regards the settlement of persons resident on the territory annexed. *Hallowell* v. *Bowdoinham*, 1 *Greenl.* 129. By the terms of the statute, only such persons as have a legal settlement in the old towns gain a settlement by the incorporation of a new town out of one or more old towns. The annexation of the land on which the pauper resided to *New Portland*, placed that town in the same situation in which *New Vineyard* would have been, if the land had remained there. *Rumford* neither gains nor loses by the setting off. The pauper, being settled in *Rumford*, and not in *New Vineyard*, retains his settlement. This part of the statute is but a transcript of the *Mass.* statute, and the decisions there apply here. *West Springfield* v. *Granville*, 4 *Mass. R.* 486; *Walpole* v. *Hopkinton*, 4 *Pick.* 357. There is a difference in the language in the fifth and sixth modes. One gives a settlement to all persons *living* there ; the other to all persons settled there.

*Boutelle*, for the defendants.

The effect of setting off this tract of territory with the people upon it from *New Vineyard*, and annexing it to *New Portland*, is to give a settlement in the latter town to all who lived upon it at the time. This case does not come within the sixth mode, nor is it provided for in the statute. *Groton* v. *Shirley*, 7 *Mass. R.* 156. The annexation of the land where the pauper lived, to *New Portland*, in itself, gives him a settlement in that town. *Fitchburg* v. *Westminster*, 1 *Pick.* 144, and cases there cited. The cases cited for the plaintiffs apply to division of towns, and not the annexation of a portion of one to another town.

After the case had been continued for advisement, the opinion of the Court was prepared by

WESTON C. J. — The settlement of the paupers, for whose support this action is brought, it is agreed was in *Rumford*, in *March*, 1831. In 1833, they removed into that part of *New Vineyard*, which in 1834, was annexed to *New Portland*, and there remained, at the time of such annexation. Their residence in *New Vineyard* gave them no settlement in that town.

New Portland *v.* Rumford.

The sixth mode of gaining a settlement, under our statute for the relief of the poor, statute of 1821, *ch.* 122, is precisely like the tenth mode of the act of *Massachusetts*, statute of 1793, *ch.* 34, which was in force at the time of our separation. That mode has received a judicial construction, both in *Massachusetts* and in this State. In *Groton* v. *Shirley*, 7 *Mass. R.* 156, it was held, that where a part of one existing town is annexed to another, it is to have the same effect, as if a new town had been created out of the two towns. And the correctness of this construction was recognized in *Great Barrington* v. *Lancaster*, 14 *Mass. R.* 253, and in *Fitchburg* v. *Westminster*, 1 *Pick.* 144. In *Hallowell* v. *Bowdoinham*, 1 *Greenl.* 129, the same construction obtained, upon the authority of the two cases first cited.

But in order to give a person, residing in a part of an existing town, a settlement in another existing town, to which such part is annexed, besides having an actual residence in such part at the time, he must have had his settlement in the town, to which such part before belonged. *West Springfield* v. *Granville*, 4 *Mass. R.* 486. Now the pauper and his family, having no settlement in *New Vineyard* could, upon this construction, acquire none in *New Portland*, upon the annexation to the latter town of that part of the former, in which they resided. It results, that their former settlement in *Rumford* continued.

*Defendants defaulted.*